Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 3344 | **DATE** | 5/27/2011 |
| **CASE TITLE** | Sean Lester Kazi vs. State of Illinois | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the instant action is hereby dismissed, and Plaintiff's motion for leave to proceed in forma pauperis [4] is denied as moot. Civil case terminated.

■[ For further details see text below.]  Docketing to mail notices.

# STATEMENT

This matter is before the court on Plaintiff Sean Lester Kazi's (Kazi) motion for leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(e) (Section 1915(e)), "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted. . . ." *Id.* Kazi has filed a complaint *pro se*, and thus the court construes the complaint liberally. *McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000)(stating that "*pro se* complaints are to be liberally construed and not held to the stringent standards expected of pleadings drafted by lawyers").

In his *pro se* complaint, Kazi alleges that, with his parent's permission, he was arrested at his parent's home and transferred to a hospital in a vehicle that was improperly ventilated. Kazi also alleges that he was later transferred to a state court and that a state court judge ordered Kazi to be hospitalized for 90 days based upon private material "expressing despair," which was found in Kazi's bedroom at his parent's house. (Compl. 2). Kazi further alleges that he was hospitalized from July 13, 2007 to September 15, 2007 and that he was released when a doctor determined that Kazi did not suffer from any mental illness. Kazi concludes that the acts alleged amount to a violation of Kazi's constitutional rights under the First, Fourth, Fifth, and

| STATEMENT |
|---|
| Eighth Amendments.

     Even when construed liberally, Kazi's complaint fails to state a claim upon which relief may be granted, constitutional or otherwise. Further, to the extent that Kazi's complaint is based on the state court judge's ruling, Kazi's complaint is barred by the *Rooker-Feldman* doctrine. *See Johnson v. Orr*, 551 F.3d 564, 568 (7th Cir. 2008)(stating that the *Rooker-Feldman* doctrine acts to strip federal courts of jurisdiction on claims where "the injury the plaintiff complains of resulted from, or is inextricably intertwined with, a state-court judgment"). In addition, although Kazi named the State of Illinois as the defendant in the instant action, Kazi's allegations do not implicate the State of Illinois for any wrongdoing. Therefore, based on the above, the instant action is dismissed, and Kazi's motion for leave to proceed *in forma pauperis* is denied as moot. |